IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **PATRICK DAVIS,** | : |
| Plaintiff, | : NO. 5:12-CV-146 (MTT) |
| VS. | : |
| **BARCLAY BANTA**, *et al.*, | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

### ORDER

Before the Court is a Motion to Appoint Counsel filed by Plaintiff Patrick Davis. Doc. 12. For the following reasons, the Motion is **DENIED**.

As an initial matter, because Plaintiff's Motion was filed prior to service upon and/or the filing of responsive pleadings by any Defendant, it is viewed by the Court as premature. Additionally, Plaintiff is advised that there is generally no right to appointed counsel in civil rights actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In accordance with Holt, and upon a review of the record in this case, the Court notes that the Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, there is no present need to provide him

with legal counsel.  Should it later become apparent that legal assistance is required in order to avoid prejudice to the Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, **no additional requests for counsel will be necessary.**

**SO ORDERED**, this 26th day of June, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge